# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS ANTONE PETERSEN,<br><br>                               Petitioner,<br><br>v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>                               Respondent. | Case No.: 18cv2228 BEN (MDD)<br><br>**NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

     Petitioner, a state prisoner proceeding with counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently exhausting claims three through eight. (*See* Pet. at 4-7.) "Mixed petitions" are those that contain both exhausted and unexhausted claims and must generally be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, the Ninth Circuit has held that, under *Rose*, that it is error to dismiss a mixed petition without giving the petitioner options. *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003). Accordingly, the Court notifies Petitioner of the possible dismissal of his petition and provides the following options:

/ / /

/ / /

/ / /

/ / /

**PETITIONER'S OPTIONS**

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

i) First Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he exhausts his unexhausted claims. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to exhaust, that he is diligently pursuing his state court remedies with respect to those claims and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *Id*. at 1142-43, quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005).

If Petitioner chooses this option, he must file a pleading with this Court **no later than November 15, 2018**. Respondent may file a reply by **December 17, 2018**.

///
///
///

ii) <u>Second Option: Demonstrate Exhaustion</u>

Petitioner may file further papers with this Court to demonstrate that he has exhausted the unexhausted claims. If Petitioner chooses this option, his papers are due **no later than <u>November 15, 2018</u>**. Respondent may file a reply by **<u>December 17, 2018</u>**.

iii) <u>Third Option: Voluntarily Dismiss the Petition</u>

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court **no later than <u>November 15, 2018</u>**. Respondent may file a reply by **<u>December 17, 2018</u>**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

///

iv) Fourth Option: Formally Abandon Unexhausted Claim(s)

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court **no later than November 15, 2018**. Respondent may file a reply by **December 17, 2018**.

Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise it/them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).

## CONCLUSION

The Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL**. If Petitioner fails to respond to this Order, the Court will recommend to the District Judge assigned to this case that the Petition be dismissed without prejudice. *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated: October 9, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge