| | |
|---|---|
| HANS ANTONE PETERSEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>　　　　　　　　　　Defendant. | Case No.: 18cv2228-BEN(MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE PURSUANT TO RHINES** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  On September 25, 2018, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition").  (Pet., ECF No. 1.)  On November 12, 2018, Petitioner filed a "Motion to Stay Proceedings Pending Exhaustion of State Court Remedies."  (Mot. Stay, ECF No. 4.)  The Court has considered the motion to stay and the record as a whole.  For the reasons set forth below, the Court **RECOMMENDS** that Petitioner's motion be **GRANTED.**

### I.  FACTUAL AND PROCEDURAL HISTORY

On May 15, 2015, Petitioner was sentenced to sixty-four years to life following his conviction in San Diego County Superior Court for two counts of attempted

1

18cv2228-BEN(MSB)

premeditated murder and other offenses. (Balazs Decl. 1, ECF No. 4-2 ("Balazs Decl."); see also Pet. 1-2, ECF No. 1.) Petitioner appealed, raising the following claims: (1) the trial court's denial of defense counsel's requested jury instructions that unconsciousness as defined by CALCRIM 3425 may be caused by involuntary intoxication (CALCRIM 3427) and on the defense of involuntary intoxication deprived him of due process, a fair trial, and the right to present a defense; and (2) the trial court's failure to instruct the jury that it may consider evidence of voluntary intoxication in deciding whether Petitioner acted with intent to kill and premeditation necessary for attempted murder and with intent to commit murder necessary for burglary constituted reversible error and deprived Petitioner of effective assistance of counsel, due process, a fair trial, and the right to present a defense. (See Pet. 2-3, ECF No.1; see also ECF No. 1-3 at 10-11.) In a Supplemental Brief, Petitioner also argued that his trial counsel impliedly agreed to the withdrawal of a voluntary intoxication instruction, was ineffective in acceding to his client. (Pet. 3, ECF No. 1.) On March 30, 2017, the California Court of Appeal affirmed Petitioner's convictions. (Id.; see also ECF No. 1-3 at 9, 27.)

Petitioner filed a petition for review to the California Supreme Court raising the same two issues, which was summarily denied on June 28, 2017. (Balazs Decl. at 2; see also ECF No. 1-3 at 29.) Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. (Balazs Decl. at 2.)

After the conclusion of his state court appeal, Petitioner retained new counsel, and on June 26, 2018, filed a petition for writ of habeas corpus in the California Supreme Court raising six new claims, which is currently pending. (Id.; see also Case No. S249604, California Courts, Appellate Courts Case Information, California Supreme Court, https://appellatecases.courtinfo.ca.gov/search/case/ dockets.cfm?dist=0&doc_id=2255414&doc_no=S249604&request_token=NiIwLSIkTkw6 WyBRSCJNSEhIQEA0UDxTJyBOXzpSMCAgCg%3D%3D (visited May 23, 2019).) On November 12, 2018, while his state petition was pending with the California Supreme

Court, Petitioner filed his federal Petition in this Court. (See Pet., ECF No. 1.) The Petition contains the following eight claims:

> CLAIM 1: The trial court's denial of defense counsel's requested instructions that unconsciousness as defined in CALCRIM 3425 may be caused by involuntary intoxication and on the defense of involuntary intoxication (CALCRIM 3427) deprived Petersen of due process, a fair trial, and the right to present a defense.
>
> . . .
>
> CLAIM 2: The trial court's failure to instruct the jury that it may consider evidence of voluntary intoxication in deciding whether Petersen acted with intent to kill and premeditation and deliberation necessary for attempted murder and with intent to commit murder necessary for burglary was constitutional error.
>
> . . .
>
> CLAIM 3: [T]rial counsel rendered ineffective assistance in violation of the Sixth Amendment by withdrawing the request for a voluntary intoxication instruction after the trial court agreed to give the instruction.
>
> . . .
>
> CLAIM 4: Trial counsel rendered ineffective assistance in failing to request an instruction on assault with a deadly weapon as a lesser-related offense to attempted murder.
>
> . . .
>
> Claim 5: Trial counsel rendered ineffective assistance in presenting a seizure based unconsciousness defense without requesting that Petersen's blood be promptly tested after his arrest to quantify the level of clonazepam in his bloodstream.
>
> . . .
>
> CLAIM 6: [C]ounsel rendered ineffective assistance of counsel by failing to move to dismiss the charges because the People violated Petersen's

constitutional rights by failing to preserve potentially exculpatory evidence by having his blood tested in a timely manner.

. . .

CLAIM 7: The sentencing court violated petitioner's rights under California law and the Due Process Clause of the Fourteenth Amendment in imposing a 25 years-to-life firearm enhancement on count 5 under Penal Code § 12022.53(d) because the enhancement does not apply to the burglary offense charged in count 5. Trial and appellate counsel rendered ineffective assistance in failing to raise this issue before the sentencing judge or on appeal, respectively.

. . .

CLAIM 8: The cumulative effect of the errors set forth in claims 1-5 and on direct appeal deprived Petersen of due process of law and a fair trial.

(Id. at 16-39.)

On October 9, 2018, United States Magistrate Judge Mitchel D. Dembin issued a "Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies." (Notice, ECF No. 2.) The Notice stated that Petitioner was exhausting Claims 3 through 8, advised him of the possible dismissal of the Petition, and provided the following options: (1) file a motion to stay the federal proceedings, (2) demonstrate exhaustion, (3) voluntarily dismiss the Petition, (4) formally abandon unexhausted claim(s). (Id. at 1-4.) The Notice further provided that if Petitioner decided to file a motion to stay the federal proceedings, he was required to file his pleading by November 15, 2018, and Respondent was to file a reply by December 17, 2018. (Id. at 2.) On November 8, 2018, the case was transferred to United States Magistrate Judge Michael S. Berg. (Order Transfer, ECF No. 3.)

On November 12, 2018, Petitioner timely filed a "Motion to Stay Proceedings Pending Exhaustion of State Court Remedies." (Mot. Stay, ECF No. 4.) Petitioner asks the Court to stay and hold the proceedings in abeyance pending state court exhaustion

under the "stay and abey" procedure set forth in Rhines v. Webber, 544 U.S. 269, 277-78 (2005). Respondent did not file an opposition to Petitioner's motion.

## II. LEGAL STANDARD

A federal court may not address a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515 (1982). Generally, to satisfy the exhaustion requirement, a petitioner must "'fairly present[ ]' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[ ] that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 275 (1971)).

Pursuant to the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). A district court may not consider a "mixed" federal habeas petition–a petition containing both exhausted and unexhausted claims. Rose, 455 U.S. at 522.

Under Rhines, a district court has discretion to stay a "mixed" federal habeas petition, while the petitioner returns to state court to exhaust the unexhausted claims without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines, 544 U.S. at 273-78. Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims. See id. at 277. The "stay and abeyance" procedure is available only in "limited circumstances" when the following three conditions are met: (1) the petitioner demonstrates "good cause" for failing to first exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. Id. at 277-78; see also Mitchell v. Valenzuela, 791 F.3d 1166, 1171 (9th Cir. 2015) (same). The procedure allows petitioner's "mixed" petition to remain in federal

court during the pendency of the state courts' collateral review of the petitioner's claims. See Rhines, 544 U.S. at 277.

Alternatively, a "mixed" federal petition may be stayed pursuant to the procedure outlined in Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). The petitioner is allowed to amend his newly-exhausted claims back into his federal petition only if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending federal petition. Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 664. A stay under Kelly does not toll AEDPA's limitations period with respect to unexhausted claims. King, 564 F.3d at 1140-42.

### III. A STAY PURSUANT TO RHINES

Petitioner seeks to utilize the "stay and abey" procedure authorized by Rhines, 544 U.S. 269. (Mot. Stay 3, ECF No. 4-1 (specifically stating that Petitioner is moving "to stay proceedings until the California Supreme Court decides the petition under the 'stay and abey' procedure set for in Rhines v. Webber, 544 U.S. 269, 277-78 (2005).").) He asserts that six out of eight claims in his Petition, Claims 3 through 8, are not exhausted because those claims were first raised in a petition for writ of habeas corpus filed in the California Supreme Court on June 26, 2018, which is still pending. (See id. at 2.) Petitioner seeks to stay his federal Petition pending exhaustion of state court remedies on his unexhausted claims. (Id. at 3-4.) In support, Petitioner contends that he satisfies

6

18cv2228-BEN(MSB)

all of the Rhines requirements because he has shown good cause for his failure to exhaust, his new claims are potentially meritorious, and he has not engaged in dilatory tactics. (Id.) Petitioner further states that he timely filed his federal Petition and pursued state court exhaustion, and is "ready to proceed on [his] potentially meritorious claims if the claims set for in his habeas petition are denied by the California Supreme Court." (Id. at 4.) He also contends that if the requested stay is not granted, "it will likely be impossible for [him] to return to federal court within the statute of limitations period after exhaustion of state remedies." (See Balazs Decl. at 2-3.)

Respondent has not filed an opposition to Petitioner's motion to stay. (See Docket.) Although local rule 7.1(f)(3)(c) provides that failure to oppose a motion may constitute consent to the motion, the Court will evaluate the merits of the motion. See S.D. Cal. Civ. L.R. 7.1(f)(3)(c) (providing that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.").

On June 28, 2017, on direct appeal, the California Supreme Court denied Petitioner's petition for review, (Balazs Decl. at 2; see also ECF No. 1-3 at 29), and Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, (Balazs Decl. at 2). The statute of limitations for federal habeas corpus began to run ninety days later on September 26, 2017. See Sup. Ct. R. 13 (providing that a petition for certiorari must be filed within ninety days of the entry of an order denying discretionary review by the state supreme court); see also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (explaining that the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari from the United States Supreme Court). Accordingly, Petitioner's federal habeas petition was due on September 26, 2018, one year after his judgment became final when the time for filing a petition for writ of certiorari had expired. See 28 U.S.C. § 2244(d)(1)(A) (providing that AEDPA's one-year

statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). Petersen filed his Petition on September 25, 2018. (See Pet., ECF No. 1.) Therefore, at the time Petitioner filed his federal Petition, AEDPA's one-year statute of limitations had not expired.

Claims 1 and 2 in the Petition are exhausted, but Claims 3 through 8 are raised in the habeas petition currently pending in the California Supreme Court, and therefore are not exhausted. See Rose, 455 U.S. at 515 ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act[.]"); Anderson v. Morrow, 371 F.3d 1027, 1036 (9th Cir. 2004) ("AEDPA's exhaustion requirement entitles a state to pass on a prisoner's federal claims before the federal courts do so."). Because Petitioner's federal petition contains exhausted and unexhausted claims, it is a "mixed" petition, which this Court may not consider. See Rose, 455 U.S. at 522. As noted above, under Rhines, a district court has discretion to stay a "mixed" federal habeas petition, to allow the petitioner to return to state court to exhaust the unexhausted claims when: (1) the petitioner demonstrates "good cause" for failing to first exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. Rhines, 544 U.S. at 273-78.

**A. Good Cause**

Stay and abeyance pending exhaustion of claims in state court is only available where petitioner shows "good cause" for his failure to exhaust. See id. at 277. Rhines does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has not established a precise definition beyond holding that the test is less stringent than an "extraordinary circumstances" standard. See Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014); Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005); see also Banks v. Frauenheim, Case No.: 18cv0147 JLS (JLB), 2018 WL 3417524, at *3 (S.D. Cal. July 13, 2018) ("Neither the United States Supreme Court nor the Ninth Circuit has established a

8

precise definition of 'good cause' for a stay under Rhines."). The good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing Rhines, 54 U.S. at 276-77). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify petitioner's failure to exhaust the unexhausted claim in state court. Blake, 745 F.3d at 982 (citing Pace, 544 U.S. at 416). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id.

Petitioner's current counsel declares in his declaration submitted in support of Petitioner's motion to stay that after the conclusion of his state court appeal, Petitioner retained his current counsel, and the new counsel required several months to "review the record, consult with the client in prison, conduct research and investigation, and prepare a state court habeas petition." (Balazs Decl. at 1.) The counsel also states that he reviewed voluminous recordings, transcripts,[1] and appellate briefs, conducted additional legal research, and "discovered 6 potentially meritorious constitutional claims that had not been raised on direct appeal," which he included in Petitioner's petition for writ of habeas filed in the California Supreme Court on June 26, 2018. (Id. at 1-2.)

Petitioner retained new counsel who was not familiar with Petitioner's case, and the new counsel filed habeas petition in state and federal courts before the expiration of AEDPA's one-year statute of limitations. Further, Petitioner's new counsel cited legitimate reasons in his declaration for requiring several months to research, prepare, and file the petitions. (See id.) Additionally, Petitioner has been diligently pursuing his

---

[1] The record in this case contains over 1,750 pages of reporter's transcripts, a 158-page preliminary hearing transcript, and a 280-page clerk's transcript. (Balazs Decl. at 1-2.)

new claims in state court for over ten months, and the exhaustion of his new claims is imminent. Accordingly, the Court finds that Petitioner has set forth reasonable excuse, supported by sufficient evidence, to justify his failure to first exhaust Claims 3 through 8 in state court, and has established good cause for a stay pursuant to Rhines. See Blake, 745 F.3d at 982; see also Banks, 2018 WL 3417524, at *4-5 (finding that petitioner stablished good cause for stay under Rhines, where exhaustion of the petitioner's new claims was "imminent" because they had already been presented to the California Supreme Court); Bucci v. Busby, No. 2:11–cv–3147 GEB KJN P, 2012 WL 868982, at *10 (E.D. Cal. Mar. 13, 2012) ("[T]he fact that petitioner has already filed his petition with the [state court] presenting his newly discovered claim weighs towards supporting AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings.").

### B. Merits of the Unexhausted Claims

Under the second requirement of the Rhines test, a district court should not grant a Rhines stay when the petitioner's unexhausted claims are plainly "meritless." Rhines, 544 U.S. at 277. In this case, the Court cannot conclude that Petitioner's claims are not "potentially meritorious." See Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (stating that a claim is colorable within the meaning of 28 U.S.C. § 2254(b)(2) unless it is "perfectly clear that the petitioner has no hope of prevailing"). Petitioner has articulated cognizable claims supported by legal authority, and although it is unclear at this stage of the proceedings whether any of his unexhausted claims would eventually warrant federal habeas relief, Petitioner has satisfied the less demanding standard for obtaining a Rhines stay. See id.; Dixon v. Baker, 847 F.3d 714, 723 (9th Cir. 2017) (providing that a habeas petitioner's burden to show a claim is not "plainly meritless" in order to obtain a Rhines stay does not require him to "conclusively establish" that his claim has merit).

///
///

### C. Absence of Intentionally Dilatory Litigation Tactics

The Rhines test also requires a showing that petitioner did not engage in "intentionally dilatory litigation tactics." See Rhines, 544 U.S. at 278. The record in this case reflects that Petitioner has been diligently pursuing his habeas claims. Petitioner's state habeas petition, in which he seeks to exhaust the remaining unexhausted claims, has been pending in the California Supreme Court for over ten months since June 26, 2018. Because there is nothing in the record to indicate that Petitioner intended to cause any delay with respect to his new claims, the third requirement of the Rhines test is also met. See Williams v. Salazar, No. Civ. 05CV2101J(RBB), 2007 WL 433276, at *2 (S.D. Cal. Jan. 29, 2007) (finding hat petitioner did not engage in intentionally dilatory litigation tactics, where, inter alia, his petition had been pending in the California Supreme Court for over five months).

The Court therefore finds that Petitioner has established good cause for a stay pursuant to Rhines, his unexhausted claims are not plainly meritless, and Petitioner has not engaged in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 277-78. Because all three Rhines requirements are satisfied, the Court **RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Rhines be **GRANTED.** See id. at 278 (stating that "it likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.").

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Petitioner's motion to stay [ECF No. 4]; and (3) issuing a stay and abeyance of the Petition pursuant to Rhines.

**IT IS ORDERED** that no later than **June 6, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 17, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: May 23, 2019

Honorable Michael S. Berg
United States Magistrate Judge